

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-24-2003

# Butkovic v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket 02-2421

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Butkovic v. Atty Gen USA" (2003). *2003 Decisions.* Paper 726.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/726

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 02-2421

IVICA BRANIMIR BUTKOVIC,

Petitioner

v.

JOHN ASHCROFT, ATTORNEY GENERAL
OF THE UNITED STATES,

Respondent

On Petition for Review of an Order
of the Board of Immigration Appeals
( No. A17-624-534)

Submitted Under Third Circuit LAR 34.1(a)
January 22, 2003

Before: BECKER, NYGAARD, and AMBRO, <u>Circuit Judges</u>

(Opinion filed : March 24, 2003 )

OPINION

AMBRO, Circuit Judge

The Immigration and Naturalization Service instituted removal proceedings against petitioner Ivica Branimir Butkovic, who sought asylum and withholding of deportation under Sections 208 and 243(h) of the Immigration and Nationality Act ("INA"), 8 U.S.C. §§ 1158 and 1253(h). Denied relief by the Immigration Judge ("IJ"), Butkovic appealed to the Board of Immigration Appeals ("BIA"), which affirmed the IJ's decision. Butkovic subsequently filed this petition for review, a petition that we dismiss.

I.      Facts

Butkovic first came to the United States from Italy in 1968 as a political refugee. He obtained his lawful permanent resident status in 1972. In 1973, he returned to Croatia (then Yugoslavia), his country of birth, to "act as a lawyer" to protect his property interests. He did not return to the United States until 1982, at which time an immigration official confiscated his green card, social security number and exit permit because those documents had expired. He returned to Croatia in 1983. In 1991, Butkovic returned to the United States as a visitor and applied for asylum and withholding of deportation. In 1995, the INS initiated deportation proceedings because Butkovic had overstayed his visa.

At a hearing held in August 1996, Butkovic testified that he had suffered persecution in the former Yugoslavia because of his anti-communist beliefs and that he therefore fears future persecution in Croatia. He testified that he had been imprisoned on various occasions in 1951, 1967 and 1968. He testified that he was admitted to a mental institution in 1964 and 1966 for alcoholism and that in 1985, he was declared mentally incompetent by a Yugoslavian court.

After the hearing, the IJ denied Butkovic's applications and granted voluntary departure. As

noted, Butvokic appealed the IJ's decision to the BIA, which affirmed the IJ's conclusion that, even accepting as true everything that Butkovic had alleged,[1] he had not satisfied his burden to show an objectively reasonable fear of persecution. First, Butkovic had not provided sufficient evidence that the finding that he was mentally incompetent was motivated by some persecutory intent. Second, Butkovic's fear of future persecution on account of his anti-communist beliefs was not objectively reasonable because the current Croatian government is democratic and allows ownership of private property.

II.    Statutory Framework and Standard of Review

Under Section 208 of the INA, the Attorney General has discretion to grant asylum to an otherwise deportable alien who qualifies as a refugee. 8 U.S.C. § 1158(a). A refugee is defined by statute as an individual who cannot return to a country in which he or she resided because of "persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). The asylum seeker has the burden of showing both a genuine subjective fear of persecution and an objectively reasonable possibility of persecution. Li Wu Lin v. INS, 238 F.3d 239, 244 (3d Cir. 2001) (citing INS v. Cardoza-Fonseca, 480 U.S. 421, 430 (1987)). To be eligible for withholding of deportation, the alien must establish that it is more likely than not he or she would be subject to persecution if deported. Id.

We review the BIA's decision to grant or deny asylum for abuse of discretion. Janusiak v. INS, 947 F.2d 46, 46 (3d Cir. 1991). The factual findings underlying the Board's denial of asylum are

---

[1]The IJ stated that while it was difficult to assess Butkovic's credibility, it appeared that Butkovic genuinely believed his story, and the IJ therefore reviewed his claim on the merits. The BIA concluded that the IJ had not made an adverse credibility finding and also reviewed Butkovic's case on the merits.

reviewed for substantial evidence.    INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992).  Under this deferential standard, we may reverse the Board's findings "only if the evidence . . . [is] such that a reasonable factfinder would have to conclude that the requisite fear of persecution existed."  Id. at 481.

III.    Discussion

Butkovic makes several arguments on appeal.  First, he claims that the BIA abused its discretion in concluding that he did not satisfy his burden of proof because he provided credible and objective testimony and evidence of his past persecution.  Second, he argues that the IJ misapplied the applicable standard concerning corroborating evidence.   Finally, he states that the IJ violated his right to due process by not ordering a competency hearing.  We find none of these arguments persuasive.

As for the first argument, we conclude that the BIA did not abuse its discretion in concluding that Butkovic did not have an objectively reasonable fear of persecution.  Butkovic testified about his past persecution on account of his anti-communist beliefs and submitted country reports in support of his claim that the current political turmoil in Croatia gives rise to a reasonable fear of future persecution. The INS introduced evidence to show that while there may be political turmoil in Croatia, the current government is democratic and allows ownership of private property.  We agree with the BIA that the current political situation in Croatia belies any fear Butkovic might have had of persecution on account of his anti-communist beliefs.

Butkovic next claims that the BIA erred in holding that his asylum claim is insufficient because he lacked corroborating evidence.  We disagree.  The IJ concluded that Butkovic had not provided sufficient evidence that the Yugoslavian court finding of mental incompetency was motivated by some persecutory intent.  An alien's own testimony will suffice "where the testimony is believable, consistent and sufficiently detailed to provide a plausible and coherent account of the basis of the alien's alleged

fear." Matter of Dass, 20 I&N Dec. 120 (BIA 1989). Here, Butkovic's testimony shows only that he was found mentally incompetent, and that he concluded that the mental incompetency finding was motivated not by his mental condition but by a desire to punish him for his anti-communist beliefs. Because a finding of mental incompetency is something that as a general rule is not motivated by persecutory intent, and because there was evidence before the IJ to suggest that Butkovic was properly deemed mentally incompetent, we do not think that the IJ erred in requiring some more direct evidence of persecutory intent.[2] Absent that evidence, the mere fact that Butkovic was found mentally incompetent does not provide a "plausible and coherent" account that he will face persecution on account of his anti-communist beliefs upon his return to Croatia. Id.

In addition, Butkovic claims that because the BIA did not explicitly enumerate those portions of his testimony that required corroboration, its decision violated Abdulai v. Ashcroft, 239 F.3d 542, 549 (3d Cir. 2001). In Abdulai, we held that the BIA must identify "what particular aspects of [the petitioner's] testimony it would have been reasonable to expect him to have corroborated." Id. at 549. We reject Butkovic's argument. To the extent that the BIA's statements can be construed as requests for corroboration, the BIA did explicitly state which portions of Butkovic's testimony should be corroborated. It reasoned that "the respondent has not sufficiently explained how being declared to be mentally incompetent by a court of law constitutes 'persecution.' The respondent also has not sufficiently explained why the current, independent government of Croatia would have any inclination to persecute the respondent." Further, the BIA's statements do not truly constitute a request for corroboration of Butkovic's testimony, but rather a request for amplification or clarification of that

---

[2]Butkovic himself notes that his "mental capacity was called into question by both his legal representative and by the Immigration Judge during proceedings."

testimony. As explained above, it was reasonable for the BIA to require this additional evidence.

Finally, Butkovic argues that the IJ violated his due process rights by not ordering a competency hearing because "his mental status may likely have resulted in his lack of appreciation of the severity of the proceedings and the consequences thereof." We lack jurisdiction to review this claim because Butkovic failed to raise this claim in his appeal to the BIA. See Bak v. INS, 682 F.2d 441, 443-44 (3d Cir. 1982).

*       *       *

For the reasons stated above, we dismiss Butkovic's petition for review of the BIA's decision.

_____

TO THE CLERK:

Please file the foregoing Opinion.

By the Court,

Thomas L. Ambro
Circuit Judge